1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EUGENIO PEJI,                                No.  2:  13-cv-2647 KJM KJN P

12                  Plaintiff,

13        v.                                      ORDER

14   CDCR, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner and is proceeding without counsel.   On January 15, 2014, the

18   court issued an order screening plaintiff's complaint.  The court ordered service of all defendants

19   but for defendant California Department of Corrections and Rehabilitation ("CDCR").  The court

20   separately recommended dismissal of defendant CDCR.

21        On January 30, 2014, plaintiff filed objections to the findings and recommendations

22   recommending dismissal of defendant CDCR.  After reviewing plaintiff's objections, the court

23   vacates the January 15, 2015 findings and recommendations and re-screens the complaint herein.

24        The court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

8    2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

9    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

10   1227.

11       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

12   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

13   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

14   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

15   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

16   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

17   sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts

18   are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . .

19   . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007)

20   (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

21   In reviewing a complaint under this standard, the court must accept as true the allegations of the

22   complaint in question,  id., and construe the pleading in the light most favorable to the plaintiff.

23   Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds, Davis v. Scherer, 468

24   U.S. 183 (1984).

25       Named as defendants are CDCR, Dr. Dhillon, Dr. Rading and Chief Executive Officer

26   Clark.  Plaintiff alleges that defendants failed to provide him with adequate pain medication.

27   Plaintiff seeks money damages and injunctive relief.

28   ////

2

1   The court finds that plaintiff has stated a potentially colorable Eighth Amendment claim

2   against defendants Dhillon, Rading and Clark.

3   Plaintiff's Eighth Amendment claim against defendant CDCR is barred by the Eleventh

4   Amendment.  The Eleventh Amendment bars suits brought by private parties against a state or

5   state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S.

6   332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d

7   1344, 1349-50 (9th Cir. 1982).  Although the Eleventh Amendment is not jurisdictional, the court

8   may raise the defect on its own.  Wisconsin Department of Corrections v. Schacht, 524 U.S. 381,

9   389 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974).  In the instant case, the State of

10   California has not consented to suit.  Accordingly, plaintiff's Eighth Amendment claims against

11   defendant CDCR are legally frivolous and must be dismissed.

12   In his objections, plaintiff objects that the court failed to address his claim against

13   defendant CDCR for violating the Americans with Disabilities Act ("ADA").  The only mention

14   of the ADA in the complaint is the statement that plaintiff "is an ADA inmate/prisoner at this

15   point in time and was an ADA prison inmate throughout the time of this case."  (ECF No. 1 at 5.)

16   While the state is not entitled to Eleventh Amendment immunity under Title II of the ADA, see

17   Phiffer v. Columbia River Correctional Institute, 384 F.3d 791, 792 (9th Cir. 2004), this statement

18   alone does not state an ADA claim.

19   Title II of the ADA "prohibit[s] discrimination on the basis of disability."  Lovell v.

20   Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  "To establish a violation of Title II of the ADA, a

21   plaintiff must show that (1)[he] is a qualified individual with a disability; (2)[he] was excluded

22   from participation in or otherwise discriminated against with regard to a public entity's services,

23   programs, or activities; and (3) such exclusion or discrimination was by reason of [his]

24   disability."  Lovell, 303 F.3d at 1052.

25   Plaintiff does not clearly identify his disability.  Plaintiff also does not allege that he was

26   excluded from participation in or otherwise discriminated against with regard to any service,

27   program or activity based on his alleged disability.  Because plaintiff has failed to state an ADA

28   claim, this claim is dismissed with leave to amend.

3

1    Plaintiff may proceed forthwith to serve defendants Dhillon, Rading and Clark and pursue

2    his claims against these defendants, or he may delay serving any defendant and attempt to state a

3    cognizable claim against defendant CDCR.

4    If plaintiff elects to attempt to amend his complaint to state a cognizable claim against

5    defendant CDCR, he has thirty days in which to file an amended complaint.  He is not obligated

6    to amend his complaint.

7    If plaintiff does not file an amended complaint within thirty days, the court will order

8    service of defendants Dhillon, Rading and Clark.  On January 29, 2014, plaintiff submitted the

9    forms for service of these defendants.  If plaintiff does not amend his complaint, the court will

10   order service on the individual defendants and construe plaintiff's election as consent to dismissal

11   of all claims against defendant CDCR without prejudice.

12   Plaintiff is advised that in an amended complaint he must clearly identify each defendant

13   and the action that defendant took that violated his constitutional rights.  The court is not required

14   to review exhibits to determine what plaintiff's charging allegations are as to each named

15   defendant.  The charging allegations must be set forth in the amended complaint so defendants

16   have fair notice of the claims plaintiff is presenting.

17   Any amended complaint must show the federal court has jurisdiction, the action is brought

18   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

19   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

20   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

21   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

22   of a constitutional right if he does an act, participates in another's act or omits to perform an act

23   he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the

24   victim of a conspiracy, he must identify the participants and allege their agreement to deprive him

25   of a specific federal constitutional right.

26   In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

27   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

28   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

4

1    occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

2          The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

3    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

4    heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

5    84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

6    set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

7    N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

8    which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must

9    not include any preambles, introductions, argument, speeches, explanations, stories, griping,

10   vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v.

11   Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for

12   violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998)

13   (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

14   prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

15   pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including

16   many defendants with unexplained, tenuous or implausible connection to the alleged

17   constitutional injury, or joining a series of unrelated claims against many defendants, very likely

18   will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's

19   action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

20         A district court must construe a pro se pleading "liberally" to determine if it states a claim

21   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

22   opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

23   detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

24   action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct.

25   1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff

26   must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

27   plausible on its face.'"  Ashcroft, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp., 550 U.S. at

28   570).

5

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 129 S. Ct. at 1949 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.

Accordingly, IT IS HEREBY ORDERED that:

1. The January 15, 2014 findings and recommendations (ECF No. 10) are vacated;

2. Claims against defendant CDCR are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against that defendant.  Plaintiff is not obliged to amend his complaint.

6

1      3.  The allegations in the pleading are sufficient to state a potentially cognizable claim

2   against defendants Dhillon, Rading and Clark.  See 28 U.S.C. § 1915A.  If plaintiff does not file

3   an amended complaint, the court will transmit the forms plaintiff previously submitted for service

4   of these defendants to the United States Marshal for service of process pursuant to Fed. R. Civ. P.

5   4.  Defendants Dhillon, Rading and Clark will be required to respond to plaintiff's allegations

6   within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe

7   plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims

8   against defendant CDCR without prejudice.

9      4.  Failure to comply with this order will result in a recommendation that this action be

10  dismissed.

11  Dated:  February 5, 2014

12

13  pe2647.vac

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7