UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENIO PEJI, | No.  2:  13-cv-2647 KJM KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CDCR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is the July 29, 2014 motion filed on behalf of defendants Rading and Clark to require plaintiff to file an amended complaint containing numbered paragraphs as required by Federal Rule of Civil Procedure 10(b).  (ECF No. 25.)  For the following reasons, the undersigned recommends that this motion be denied.[1]

Background

This action is proceeding on the original complaint against defendants Rading, Clark and Dhillon.  (ECF No.1.)  On May 5, 2013, defendant Dhillon filed an answer to the complaint. (ECF No. 20.)

////

---

[1]  Plaintiff has not opposed defendants' motion.  However, because defendants' motion lacks merit, the undersigned recommends that it be denied.

1

1    All defendants are employed at the California Medical Facility ("CMF").  (ECF No. 1 at

2    2.)  Defendant Dhillon is plaintiff's primary care provider at CMF.  (Id.)  Defendant Rading is the

3    Chief Physician and Surgeon at CMF.  (Id.)  Defendant Clark is the Chief Executive Officer at

4    CMF.  (Id.)

5    Plaintiff alleges that he suffers from leukemia, end stage liver disease, hepatitis C,

6    "esophageal varcibs," diabetes, hypertension, neuropathy and asthma.  (Id. at 3.)  Plaintiff alleges

7    that on or before April 12, 2013, he informed defendants that he was experiencing ongoing

8    tremendous pain due to his many ailments.  (Id. at 4: 1-6.)  Plaintiff alleges that defendant Dhillon

9    determined that plaintiff would be treated with amitriptyline, an anti-depressant.  (Id. at 4: 7-10.)

10   Plaintiff alleges that on May 30, 2013, defendant Clark determined that plaintiff's care

11   was consistent with "'the World Health Organization's pain management ladder...' as such the

12   pain management would not be advanced."  (Id. at 4: 17-24.)  Plaintiff alleges that defendant

13   Clark refused to provide plaintiff with "pain management" at the level of care he needed.  (Id. at

14   4: 25-28.)  Plaintiff alleges that the World Health Organization's pain management ladder does

15   not address all of the conditions from which he suffers.  (Id. at 4: 27-28; 5:1-4.)  Plaintiff alleges

16   that his neuropathy and end stage liver disease coupled with his other ailments makes for a very

17   painful and uncomfortable existence.  (Id. at 5: 4-7.)

18   Plaintiff alleges that on May 10, 2013, defendant Rading determined that that the anti-

19   depressant, amitriptyline, would best serve plaintiff.  (Id. at 5: 8-15.)

20   Plaintiff alleges that he is being denied adequate pain management.  (Id. at 5: 23-27.)

21   Plaintiff also alleges that defendants' lack of medical care caused plaintiff to be

22   inappropriately housed at California State Prison-Solano ("Solano").  (Id. at 9: 1-11.)  Plaintiff

23   alleges that the central health facility at Solano is approximately one quarter mile from plaintiff's

24   housing.  (Id. at 9: 10-12.)  Plaintiff alleges that while housed at Solano, he had two life

25   threatening episodes which could have been avoided had he been properly housed.  (Id. at 9:16-

26   26.)

27   ////

28   ////

Discussion

Defendants Rading and Clark move to dismiss plaintiff's complaint on grounds that it does not contain numbered paragraphs as required by Federal Rule of Civil Procedure 10(b). Defendants Rading and Clark argue that without numbered paragraphs, their ability to respond to plaintiff's allegations is difficult, if not impossible.

Courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). Courts must treat pro se litigants with great leniency when evaluating compliance with the technical rules of civil procedures. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (citing Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986).)

Defendants are correct that plaintiff's complaint does not contain numbered paragraphs, as required by Federal Rule of Civil Procedure 10(b). However, despite lacking numbered paragraphs, plaintiff's claims against defendant Rading and Clark are identifiable.[2] The undersigned has above identified those claims, with reference to the page and line numbers, as the pages of plaintiff's complaint are numbered.

Because plaintiff's claims against defendants Rading and Clark are identifiable, plaintiff's failure to comply with the technical requirement of Rule 10(b) that his complaint contain numbered paragraphs, is excused.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to require plaintiff to file an amended complaint containing numbered paragraphs (ECF No. 25) be denied; and defendants Rading and Clark be ordered to file a response to the complaint within twenty days of the adoption of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

---

[2]  Plaintiff's claims against defendant Rading and Clark are as identifiable as those against defendant Dhillon.  As noted above, defendant Dhillon filed an answer.  For these reasons, the pending motion is somewhat puzzling.

1  after being served with these findings and recommendations, any party may file written

2  objections with the court and serve a copy on all parties.  Such a document should be captioned

3  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

4  objections shall be filed and served within fourteen days after service of the objections.  The

5  parties are advised that failure to file objections within the specified time may waive the right to

6  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7  Dated:  September 16, 2014

8

9  Pej2647.57

                                          KENDALL J. NEWMAN

                                          UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28